# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

**BURNITO RICKY FULLER, #1073351,**

Petitioner,

v.                                                          Civil Action No. 2:12cv272

**HAROLD W. CLARK,**
**Director, Virginia Department of Corrections,**

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, convicted in 2008 and currently serving a sentence of 22 ½ years, asserts that he was denied effective assistance of counsel, the evidence was insufficient to convict him, and the prosecutor withheld evidence. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure the matter was referred to the undersigned for a report and recommendation. Because the petition is time-barred, the undersigned recommends it be dismissed.

### I.   STATEMENT OF THE CASE

On December 12, 2008, in the Circuit Court of Arlington County, a jury convicted Petitioner Burnito Ricky Fuller ("Petitioner" or "Fuller") of possession of cocaine with intent to distribute, and possession of cocaine with intent to distribute in a school zone. Fuller was sentenced to a term of 20 years imprisonment on the possession of cocaine with intent to distribute, third offense, and two and one-half years imprisonment on the possession of cocaine

1

with intent to distribute in a school zone. Fuller appealed to the Virginia Court of Appeals, and his appeal was denied first by a single judge (Fuller v. Com. of Va., No. 0008-09-4, Va. Ct. of App. Sep. 23, 2009) and then by a three-judge panel on February 3, 2010 (Fuller v. Com. of Va., No. 0008-09-4, Va. Ct. of App. Feb. 3, 2010). Fuller did not appeal the Virginia Court of Appeals decision to the Supreme Court of Virginia, but his counsel apparently attempted to file a petition for writ of certiorari directly with the United States Supreme Court. The U.S. Supreme Court returned the petition as a result of Fuller's failure to first seek review by the Virginia high court.

On July 21, 2011, more than a year later, Fuller filed a petition for writ of habeas corpus in the Arlington Circuit Court. The state habeas petition alleged that petitioner was denied effective assistance of counsel and that the Commonwealth improperly withheld exculpatory evidence. The petition was dismissed by the Circuit Court as time-barred. (Record No. CL11-1691, Va. Cir. Ct. July 22, 2011). Petitioner filed a second state habeas petition which the Supreme Court of Virginia dismissed as successive and time-barred. (Fuller v. Director of the Dept. of Corr., No. 112306, Va. Sup. Ct. Feb. 29, 2012).

On April 26, 2012, Fuller, proceeding pro se, signed the present habeas petition, which was received by the Arlington Division of the United States District Court on May 2, 2012 and transferred to the Norfolk Division on May 11, 2012. (ECF No. 1). Fuller's federal petition asserts nine claims: (Claim 1) the trial court erred in denying Petitioner's motion to strike the evidence as insufficient; (Claim 2) the trial court erred in allowing the Commonwealth's Burden of Proof and Reasonable Doubt instructions; (Claims 3, 4, 5, 7, 8) various claims of ineffective assistance of counsel; (Claim 6) prosecutorial misconduct by withholding exculpatory evidence; and (Claim 9) the trial court erred in admitting a certificate of analysis. (ECF No. 1 at 4-22).

Respondent filed a Rule 5 Answer and Motion to Dismiss, along with a brief in support. (ECF Nos. 4 - 6). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), Petitioner was advised of his right to file opposing affidavits, statements, exhibits, and legal memoranda, as well as the possible consequences of failing to oppose Respondent's filing. Fuller filed two motions seeking additional time to respond to the Motion to Dismiss, both of which the Court granted. However, the extended deadline for responding has now passed and Fuller did not reply. Respondent's Motion to Dismiss is therefore ripe for judicial review.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Fuller's petition is time-barred.

Fuller's habeas petition is time-barred. The provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) establish a one-year limitation period for prisoners seeking federal habeas relief. Under 28 U.S.C. § 2244(d)(1) a district court is required to dismiss any petition for writ of habeas corpus filed more than one year after the latest of: (i) the date judgment becomes final; (ii) any state-created impediment to filing a petition is removed; (iii) the United States Supreme Court recognizes the constitutional right asserted; or (iv) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A) – (D). Petitioner has not alleged any circumstances which would extend the limitations period.

The time period during which State post-conviction or other collateral review is pending, tolls the limitation period. 28 U.S.C. § 2244(d)(2). In order for tolling to occur, an application for review must be "properly filed." Id. "An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (deciding that properly filed includes timely filing). Furthermore, an application for federal habeas corpus review is not equivalent to an "application for State

post-conviction or other collateral review within the meaning of 28 U.S.C. § 2244(d)." Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Therefore, § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition. Id.

In the present case, judgment was entered against Fuller in the Circuit Court of Arlington County on December 12, 2008. Petitioner appealed his conviction to the Court of Appeals of Virginia, which was denied by a single judge on September 23, 2009 and denied by a three-judge panel on February 3, 2010. Fuller then had thirty (30) days to file an appeal to the Supreme Court of Virginia. See Va. Sup. Ct. R. 5:17. Instead, Fuller mailed a petition for writ of certiorari to the U.S. Supreme Court, which was returned to him on May 25, 2010, unfiled as not having been reviewed by the state's highest court. Because Fuller did not appeal to the Supreme Court of Virginia, the statute of limitations for his federal habeas petition began to run on March 5, 2010. His federal habeas petition was therefore due on or before March 7, 2011.[1]

On July 21, 2011, four months after the federal habeas statute of limitations expired, Fuller filed a state habeas petition in the Arlington Circuit Court, which was dismissed on July 22, 2011 as time barred. He did not appeal that decision, but filed a second state habeas petition with the Supreme Court of Virginia, which was dismissed on February 29, 2012, as successive. Neither of Fuller's state habeas petitions tolled the limitation period. See Artuz, 531 U.S. at 8 (application that fails to comply with time limits is not properly filed).

On May 2, 2012, more than a year after the limitations period expired, Fuller filed the instant federal habeas petition in the Alexandria Division of the United States District Court. The petition was transferred to this division on May 11, 2012. Fuller's applications for federal habeas corpus review did not result in statutory tolling under § 2244(d)(2). Duncan, at 161-62

---

[1] March 5, 2011 was a Saturday.

(application for federal habeas corpus review is not application for State post-conviction or other collateral review within meaning of § 2244(d)(2)).

Because more than a year had elapsed between the expiration of the federal habeas statute of limitations and Fuller's filing in this Court, his present habeas petition is barred by the one-year limitation period mandated by § 2244(d)(1).

None of the circumstances extending the accrual date apply to Fuller's claims. He has not alleged that his claims are based on any new rule of constitutional law, nor that the factual predicate for his claims could not have been timely discovered with reasonable diligence. See 28 U.S.C. § 2244(d)(1)(A)(iii). Although Fuller asserts the factual predicate for certain claims was discovered when he obtained a supporting affidavit from another inmate, he received the affidavit in May 2011, more than a year before filing this claim.

Additionally, Fuller has not argued that he should be entitled to equitable tolling. "[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." Holland v. Florida, 130 S.Ct. 2549, 2254 (2010). A petitioner is entitled to equitable tolling only if it is shown: (1) that petitioner has been diligently pursuing his rights; and (2) that extraordinary circumstances stood in the way of timely filing. Id. at 2562. Fuller has not alleged, and the undersigned's review of the record has not disclosed, any facts which would entitle Fuller to equitable tolling. Accordingly, his habeas petition is time-barred and should be dismissed.

### III. RECOMMENDATION

Because Fuller's habeas petition is time-barred and he has presented no factual basis upon which to excuse or extend the statute of limitations, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED and Fuller's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir.1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

November 7, 2012

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Burnito Ricky Fuller
#1073351
Coffeewood Correctional Center
P.O. Box 500
Mitchells, VA 22729


Leah Ann Darron
Office of the Attorney General
900 E Main St
Richmond, VA 23219

                                              Fernando Galindo,
                                              Clerk of Court

By:_____
            Deputy Clerk

_____, 2012